OPINION
Defendant-appellant, Mentor Chiropractic Center, Inc. ("appellant"), appeals from the order of the Willoughby Municipal Court allowing the execution of a judgment against both appellant and Dr. Gregg N. Battersby in a garnishment proceeding.
On November 3, 2000, Donna Pohto Mulqueeny ("Mulqueeny") filed a notice of garnishment with the Willoughby Municipal Court, naming appellant as judgment debtor. Earlier, Mulqueeny had brought a complaint against appellant and Dr. Battersby. The parties then entered into a settlement agreement whereby appellant agreed to pay Mulqueeny fifteen thousand dollars ($15,000). Mulqueeny released and discharged appellant and Dr. Battersby from any further claims or demands, including all claims asserted in the complaint. The case was dismissed with prejudice. Appellant did not pay its debt to Mulqueeny.
On November 22, 2000, the magistrate in the garnishment proceeding issued its report, finding appellant was the alter ego of Dr. Battersby and recommending that Mulqueeny's garnishment be sustained against appellant and Dr. Battersby. The trial court approved the magistrate's decision on November 28, 2000. Appellant and Dr. Battersby filed objections to the Magistrate's decision on December 5, 2000. Appellant objected to the finding that it was merely an alter ego of Dr. Battersby. Appellant asked the trial court to dismiss the garnishment against Dr. Battersby and to proceed with the garnishment against it, a defunct corporation with no assets. Dr. Battersby filed an affidavit with the objections in which he stated the only evidence presented to the Magistrate at the hearing was Mulqueeny's trial brief. The matter was set for hearing before a different magistrate. The second magistrate recommended overruling the objections.
Appellant and Dr. Battersby filed objections to the second magistrate's decision. Appellant again objected to Mulqueeny collecting from Dr. Battersby because he was not a party to the settlement agreement. On February 1, 2000, the trial court overruled the objections. Appellant has appealed from this decision.
Appellant's assignments of error will be addressed together as similar issues are involved. First, appellant asserts Dr. Battersby was deprived of due process of law because Mulqueeny only asserted the argument regarding piercing the corporate veil orally during the garnishment proceeding. Appellant contends Dr. Battersby is being held personally liable for a corporate debt without receiving notice and an opportunity to appear and defend himself.
In this appeal, appellant is presenting arguments on Dr. Battersby's behalf, which are contrary to its own interests. If Dr. Battersby is not liable for the judgment debt, then appellant, a defunct corporation, would be responsible. Dr. Battersby was not a party to the garnishment proceedings. He never sought to intervene below and is not a party before this court. We must address appellant's standing to pursue an appeal on the behalf of a non-party.
An appeal is permitted only to correct errors injuriously affecting an appellant. Ohio Contract Carriers Assn., Inc. v. Pub. Util. Comm. (1942), Ohio St. 160, syllabus. An appellant usually does not have standing to argue issues affecting another person. In re Leo D. (Mar. 15, 2002), Lucas App. No. L-01-1452, unreported, 2002 Ohio App. LEXIS 1148.
Standing prevents a person from bringing a case to protect the rights of a third party. State ex rel. Rien Constr. Co. v. Rice (May 7, 1999), Trumbull App. No. 99-T-0025, unreported, 1999 Ohio App. LEXIS 2101. Similarly, a party generally may not prosecute an appeal to protect the rights of a third party. An appellant may not assign errors committed against a non-appealing party, unless the errors are prejudicial to the rights of the appellant. In re Smith (1991), 77 Ohio App.3d 1, 13. An appealing party is not permitted to vicariously assert that a non-party's constitutional due process rights were violated. In re Spencer Children
(Mar. 22, 1999), Butler App. No. CA98-05-103, unreported, 1999 Ohio App. LEXIS 1129.
Appellant only asserts arguments in both its assignments of error regarding Dr. Battersby and never asserts the judgment of the trial court adversely affected its interests. The errors complained on appeal are not prejudicial to appellant's rights, preventing appellant from presenting the issues on appeal. Appellant therefore lacks standing to bring this appeal on Dr. Battersby's behalf.
We further note that, even if appellant had standing to prosecute the appeal based upon the arguments raised before this court, appellant did not provide the trial court with a transcript of the hearing held before the magistrate. Without a transcript of the hearing before the magistrate, it cannot be determined whether appellant or Dr. Battersby had an opportunity to defend below on the issue of piercing the corporate veil.
A party objecting to a magistrate's decision must support the objections with a transcript of all the evidence relevant to the disputed fact or an affidavit of that evidence if a transcript is not available. Civ.R. 53(E)(3)(b); Yancy v. Haehn (Mar. 3, 2000), Geauga App. No. 99-G-2210, unreported, 2000 Ohio App. LEXIS 788. The failure to support objections advanced under Civ.R. 53 precludes any argument on appeal of the factual determinations. Dintino v. Dintino (Dec. 31, 1997), Trumbull App. No. 97-T-0047, unreported, 1997 Ohio App. LEXIS 6027. Appellant cannot now contend Dr. Battersby was denied due process of law because no transcripts of the magistrates' hearings were provided to the trial court.
Appellant also asserts that the procedures for garnishment set forth in R.C. 2716.11 were not followed below and that it was prejudiced by the trial court remanding its objections for hearing before a second magistrate. Appellant never raised either argument below. A reviewing court will not consider any error a party did not bring to the trial court's attention at a time when the error could have been avoided or corrected by the court. Martin v. St. Vincent Med. Ctr. (2001),142 Ohio App.3d 347. A party cannot assert new legal theories for the first time on appeal. The failure to raise the issue below results in waiver. Nozik v. Kanaga (Dec. 1, 2000), Lake App. No. 99-L-193, unreported, 2000 Ohio App. LEXIS 5615. Appellant did not raise these issues at the trial court level and has waived the assertion of any error on appeal.
The real party in interest is not before this court in this appeal. We therefore must presume regularity in the proceedings below. Appellant's assignments of error are overruled. The judgment of the Willoughby Municipal Court is affirmed.
FORD, P.J., CHRISTLEY, J., concur.